UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL DANIEL MITCHELL,**

      **Petitioner,**

                                              Case No. 1:04-cv-135

**v.**                                              Hon.  Gordon J. Quist

**PAUL RENICO,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    **I.**    **Background**

Following a jury trial, petitioner was convicted of first-degree murder, MCL § 750.316, for the December 19, 1994 death of his two-month-old son. He was sentenced to life imprisonment without parole.

Petitioner raised three issues in his direct appeal to the Michigan Court of Appeals:

    I.    Does the due process clause require that [petitioner's] conviction be reduced to second-degree murder where there was insufficient evidence of deliberation and premeditation?

    II.    Did the trial court violate MRE 404(b), MRE 403, and [petitioner's] due process clause right to a fair trial by admitting inflammatory and irrelevant evidence that [petitioner's] stepdaughter had been bruised months before [petitioner's] son was killed?

    III.    Did the trial court violate the law of privileges by overruling [petitioner's] invocation of the marital communication privilege?

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Mitchell*,

No. 190281 (Mich. App. Feb. 7, 1997).  Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which held the application in abeyance pending a decision in two other appeals, *People v. Starr*, 457 Mich. 490 (1998) and *People v. Crawford*, 458 Mich. 378 (1998). After deciding *Starr* and *Crawford*, in lieu of granting leave to appeal, the Michigan Supreme Court remanded the petitioner's case to the Court of Appeals for reconsideration in light of those two recent decisions.  *People v. Mitchell*, No. 108611 (Mich. Dec. 22, 1998).

In a supplemental brief filed after the Michigan Supreme Court's remand, petitioner restated one issue as follows:

> I.   Did the trial court violate Crawford by admitting, to prove "premeditation and deliberation" or "lack of accident," evidence that [petitioner's] stepdaughter was bruised months before [petitioner's] son was killed?

The Court of Appeals affirmed its previous decision on remand, stating in pertinent part:

> Pursuant to the December 22, 1998 order of the Michigan Supreme Court remanding this case to this Court in lieu of granting leave to appeal for reconsideration in light of *People v. Crawford*, 458 Mich. 378 (1998), and *People v. Starr*, 457 Mich. 490 (1998), we have reevaluated our analysis of MRE 404(b) as applied in the instant case and have determined that our original analysis and resolution of this evidentiary question not only remains unchanged but also is bolstered by these recent Supreme Court cases.

*People v. Mitchell*, No. 190281 (Mich. App. March 18, 1999) (Order on remand).

Petitioner raised the following three issues in a second application for leave to appeal to the Michigan Supreme Court:

> I.   Did the trial court violate Crawford by admitting, to prove "premeditation and deliberation" or "lack of accident," evidence that [petitioner's] stepdaughter was bruised months before [petitioner's] son was killed?

> II. Did the trial court violate the law of privileges by overruling [petitioner's] invocation of the marital communications privilege?
>
> III. Does the due process clause require that the conviction be reduced for insufficient evidence of deliberation and premeditation?

The court denied petitioner's application. *People v. Mitchell*, No. 114297 (Mich. Oct. 12, 1999).

Petitioner filed a motion for relief from judgment pursuant to MCR 6.500 *et seq.*, which the trial court denied. *People v. Mitchell,* Cass County Circuit Court No. 95-8355 FC (Feb. 28, 2002) (Order denying motion for relief from judgment). Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising following six issues (in his words):

> I. Whether defendant was denied his Sixth Amendment right to counsel, when defendant was interrogated by police, after arraignment in district court?
>
> II. Whether trial court allowed the jury to hear alleged confession which violated the corpus delecti rule as there had been no independent showing of criminal agency?
>
> III. Whether defendant's due process was violated when trial court refused to strike testimony from jail house snitches, which was impossible to be true, inherently impossible, as it was opposed to natural laws?
>
> IV. Whether defendant was denied effective assistance of counsel, guaranteed by US Const XIV AM and Mich Const 1963 Art 1 § 20?
>
> V. Whether defendant's due process was violated when an alleged confession was placed before the jury for its consideration, where there was no confession other than the testimony of the detectives who elicited the confession?
>
> VI. Whether defendant was denied due process when the Court of Appeals failed to reconsider MRE 404(b) issue, as ordered by the Michigan Supreme Court, due to precedent of two cases overruling the case the Court of Appeals used to decide the case on direct appeal?

*People v. Mitchell*, No.241849 (Mich. App.).

The Michigan Court of Appeals denied petitioner's application for leave to appeal the circuit court's order because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Mitchell*, No.241849 (Mich. App. March 4, 2003). The Michigan Supreme Court also denied petitioner application for leave to appeal because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Mitchell*, No.123725 (Mich. Oct. 31, 2003).

Petitioner states nine issues and fourteen sub-issues as grounds for habeas relief (in his words):

I. Whether the trial court violated MRE 404(b), MRE 403, and Mr. Mitchell's due process clause right to a fair trial by admitting inflammatory and irrelevant evidence that Mr. Mitchell's stepdaughter had been bruised months before Mr. Mitchell's son was killed.

  A. The trial court abused it's discretion in admitting the prior bad acts evidence, as it was not admissible for a legitimate purpose.

  B. Any probative value to the other bad acts testimony was far outweighed by the prejudicial effect.

  C. The error was not harmless.

II. Whether petitioner was denied due process when, the Court of Appeals failed to reconsider the MRE 404(b) issue, as ordered by the Michigan Supreme Court, due to the precedent of two cases overruling the case the Court of Appeals used to decide the case on direct appeal.

III. Whether the petitioner's due process rights were violated when the trial court refused to strike the testimony from jail house inmates, which was impossible to be true, and inherently unbelievable, as it was opposed to natural laws.

IV. Whether the trial court violated the law of privileges, by overruling the petitioner's invocation of the marital communications privilege.

  A. The trial court's confusion of the two privileges resulted in error as

     the marital communication privilege does not contain any exceptions for child abuse.

   B. The error in admitting the privileged marital communication was prejudicial and requires a new trial.

V. Whether the petitioner was denied his Sixth Amendment right to counsel, when the petitioner was interrogated by the police after arraignment in district court.

VI. Whether the petitioner was denied the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.

   A. Counsel's was deficient at the September 8, 1995 Motion Hearing for failing to assert that the alleged confession was obtained in violation of the Petitioner's Sixth Amendment right to counsel and that under <u>Michigan v. Jackson</u>, 475 U.S. 625, the alleged confession should have been suppressed.

   B. Counsel's was deficient for failing to articulate any legal reasoning or authority, by which the trial court could have excluded the testimony of two jail house inmates who testified against the Petitioner. (MH 124-130).

   C. Counsel's was deficient in failing to object and move the trial court to strike the testimony of the Petitioner's wife, as her testimony did not pertain to any of the exceptions under the State's marital communication privilege, M.C.L. 600.2162(1); M.S.A. 27A.2162(2), or any exceptions that are currently recognized under F.R.E. 501 by the federal courts.

   D. Counsel was deficient for failing to investigate and present a defense of accident in first-degree murder prosecution, where such a defense was supported by medical evidence, resulted in actual prejudice to the Petitioner.

   E. Counsel was deficient by turning in a theory and claim to the court during the Motion Hearing on M.R.E. 404(b) evidence, in which he explicitly admits that the Petitioner was guilty.

   F. Counsel performance was deficient, in that during his closing argument to the jury, he bolstered the credibility of Det. Gizzi, who was one of the prosecutions chief witnesses against the Petitioner.

      G.      Counsel was deficient, by informing the jury of the Petitioner's guilt during his closing argument.

VII.    The Due Process Clause requires that the conviction be reduced for insufficient evidence of deliberation and premeditation.

      A.      The prosecution produced insufficient evidence of premeditation and deliberation.

      B.      The Petitioner's conviction should be reduced to second-degree murder and a resentencing ordered.

VIII.   Whether the petitioner's Due Process was violated, when an alleged confession was placed before the jury for its consideration, when there was no confession other than the testimony of the two detectives who elicited the "confession."

IX.    Whether the trial court allowed the jury to hear the alleged confession, which violated the corpus delecti rule, as there had been no independent showing of a criminal agency.

Petition at 9-57.

## II.    Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III.     Petitioner's issues III, V, VI, VIII and IX are barred by the doctrine of procedural default and not subject to habeas review.

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Petitioner raised issues III, V, VI, VIII and IX in his motion for relief from judgment. However, both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's application for leave to appeal these five issues because he failed to meet the burden of establishing entitlement to relief under MCR. 6.508(D). *People v. Mitchell*, No. 241849 (Mich. App. March 4, 2003); *People v. Mitchell*, No. 123725 (Mich. Oct. 31, 2003). The Sixth Circuit has held that MCR 6.508(D) is a valid procedural bar for habeas purposes. *See Canty v. Cason*, No. 02-2030, 2003 WL 152322 (6th Cir. Jan. 16, 2003); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002);

*Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). Consequently, a habeas petitioner's claims are procedurally defaulted in those cases in which the Michigan Supreme Court expressly relies on MCR 6.508(D) in denying an application for leave to appeal. *Id.*

As the last state court rendering judgment in the case, the Michigan Supreme Court's decision denying petitioner's claims on the basis of the state procedural bar of MCR 6.508(D) prevents habeas review. *See Burroughs*, 282 F.3d at 414; *Simpson*, 238 F.3d 407. Accordingly, petitioner's procedural default precludes habeas review of issues III, V, VI, VIII and IX unless he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner gives no cause for the procedural default of these issues. Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. *See, e.g. Paffousen v. Grayson*, No. 00-1117, 2000 WL 1888659 *3 (6th Cir. Dec. 19, 2000) ("[I]n order to establish actual innocence a petitioner

9

must show that it is more likely than not that no reasonable juror would have convicted him"). Evidence sufficient to establish actual innocence "normally consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Paffousen*, 2000 WL 1888659 at *3. Petitioner offers no new evidence that he is actually innocent of the crime for which he was convicted. Accordingly, he has failed to meet the fundamental miscarriage of justice exception. Having failed to meet the exception under *Coleman*, petitioner's claims III, V, VI, VIII and IX are procedurally barred and not subject to habeas review.

### IV. Petitioner's issues I, II and IV present issues of state law and are not subject to federal habeas review.

#### A. Issue I

In this issue, petitioner contends that the state trial court violated MRE 403, MRE 404(b) and his due process rights by admitting inflammatory and irrelevant evidence that his stepdaughter had suffered bruises while in petitioner's care. Petition at 10. MRE 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 404(b) provides in pertinent part that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The Michigan Court of Appeals concluded that there was no error in admitting evidence that petitioner had previously abused his stepdaughter. *People v. Mitchell*, No. 190281 (Mich. App.), slip op. at 2-3. The Michigan Court of Appeals affirmed this determination on remand. *People v. Mitchell*, No. 190281 (Mich. App.) (Order on Remand).

Petitioner's claims with respect to MRE 403 and MRE 404(b) involve issues of state

law. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The state courts are the ultimate expositors of state law in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.

The issue before the court is whether the admission of petitioner's other bad acts evidence resulted in a federal due process violation for purposes of a federal habeas petition. In *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), the Sixth Circuit held that this type of evidentiary claim is not cognizable on federal habeas review, because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Accordingly, petitioner's issue I is not subject to federal habeas review.

**B.     Issue II**

In this issue, petitioner contends that he was denied due process when the Michigan Court of Appeals failed to reconsider the MRE 404(b) issue as ordered by the Michigan Supreme Court. As previously discussed, the trial court's admission of MRE 404(b) evidence is a state law issue that is not subject to federal habeas review. Nevertheless, the record reflects that the Michigan Court of Appeals reconsidered the issue on remand. The Michigan Supreme Court did not reverse the appellate court's opinion on remand. Petitioner has not demonstrated any due process violation with respect to the issues raised on remand. *See Bugh*, 329 F.3d at 512. Accordingly, issue II involves a matter of state law that is not subject to federal habeas review.

**C.     Issue IV**

11

In this issue, petitioner contends that the trial court violated Michigan law with respect to marital privilege by allowing his wife to testify about her statements that she was going to leave petitioner and take the kids. Petition at 28-29. The trial court overruled petitioner's objection to this testimony. Petitioner contends that the trial court "confus[ed] the spousal testimony privilege, which contains an exception for child abuse, with the marital communications privilege, which does not." Petition at 29.

At the time of petitioner's trial, Michigan's marital privilege, codified at MCL § 600.2162, provided in pertinent part as follows:[1]

> (1) A husband shall not be examined as a witness for or against his wife without her consent or a wife for or against her husband without his consent, except as follows:
> . . . .
>
> (c) In cases of prosecution for a crime committed against the children of either or both. . . .
>
> (2) Except that as otherwise provided in subsections (3) and (4), a married person or a person that has been married previously shall not be examined as to any communication made between that person and his or her spouse or former spouse during the marriage.
>
> (3) Except as otherwise provided in subsection (1), a married person may be examined, with his or her consent, as to any communication made between that person and his or her spouse during the marriage regarding a matter described in subsection (1)(a) to (g).
>
> (4) A person that has been married previously may be examined, with his or her consent, as to any communication made between that person and his or her former spouse during the marriage regarding a matter described in subsection (1)(a) to (g).

The Michigan Court of Appeals found that the trial court did not commit error in allowing petitioner's wife's testimony:

> Defendant also argues that the trial court erroneously permitted defendant's

---

[1] The marital privilege statute was amended in 2000 and 2001.

12

>wife to testify in violation of the marital communications privilege. We disagree. We review alleged errors in the admission of evidence for an abuse of discretion. *People v. McAlister,* 203 Mich.App 495, 505; 513 NW2d 431 (1994). MCL 600.2162(3); MSA 27A.2162(3) provides that "[e]xcept as otherwise provided in subsection (1), a married person may be examined, with his or her consent, as to any communication made between that person and his or her spouse during the marriage regarding a matter described in subsection (1)(a) to (g)." Among the exceptions listed in subsection (1) are prosecution for a crime committed against the children of either or both spouses. MCL 600.2162(1)(c); MSA 27A.2162(1)(c). Thus, a spouse is not barred from testifying regarding communications made during the marriage provided he or she has consented to such testimony.
>
>Here, although defendant's wife did not expressly consent to testifying as to marital communications, she did so impliedly. As noted by this Court, "[i]mplied consent has been defined as 'that manifested by signs, actions, or facts, or by inaction or silence, which raise a presumption that the consent has been given.' " *Osner v. Boughner*, 180 Mich.App 248, 266; 446 NW2d 873 (1989), citing Black's Law Dictionary (5th ed), p 276. Because defendant's wife did not object to testifying as to marital communications made between her and defendant, she is presumed to have consented. *See Benson v. Morgan*, 50 Mich. 77, 79; 14 NW 705 (1883). We therefore find no abuse of discretion in the admission of her testimony into evidence.

*People v. Mitchell*, No. 190281 (Mich. App.), slip op. at 3.

An alleged violation of the marital privilege is a matter of state law. "While its origins are somewhat obscure, we know that the marital privilege is bequeathed to us by the long evolution of the common law, not by constitutional adjudication." *See Port v. Heard*, 764 F.2d 423, 430 (5th Cir. 1985). *See Trammel v. United States*, 445 U.S. 40, 43-50 (1980) (tracing the evolution of the medieval rule of spousal disqualification to current laws establishing the marital or spousal privilege); *Rankin v. Roberts*, 788 F.Supp. 521, 523 (D.Kan. 1992), *aff'd*, 9 F.3d 117 (10th Cir. 1993) ("[t]he marital privilege is merely a testimonial privilege based on statutory provisions or found in the common law").

13

The issue before the court is whether the trial court's admission of this evidence violated petitioner's due process rights. In this regard, the court looks to the reasoning as set forth in *Simpson v. Neal*, No. 90-3361, 1993 WL 47204 at*3 (7th Cir. Feb. 24,1993):

> Is a violation of the state marital privilege so detrimental to a fair trial as to be a violation of due process? . . . The answer becomes clear when one considers that the purpose of the marital privilege is to exclude . . . relevant evidence in order to protect the institution of marriage. In other words, where the privilege applies, its goal of promoting marital harmony has been deemed to outweigh the harm it causes to the search for truth. 7 John Wigmore, Evidence in Trials at Common Law § 2332 (McNaughton rev. ed. 1961). Clearly, recognition of the marital privilege is not necessary to afford due process. *See Port v. Heard*, 764 F.2d 423, 430 (5th Cir.1985) ("[T]he marital privilege has never been placed on a constitutional footing."); *United States v. Lefkowitz*, 618 F.2d 1313, 1319 (9th Cir.), *cert. denied*, 449 U.S. 824 (1980); *United States v. Doe*, 478 F.2d 194, 195 (1st Cir.1973).
>
> Therefore, even if the trial court erred by admitting evidence concerning confidential marital communications, this furnishes Simpson with no basis for federal habeas relief.

*Simpson*, 1993 WL 47204 at *3. *See also*, *Byrd v. Armontrout*, 880 F.2d 1, 9-10 (8th Cir. 1989) ("[t]he policies furthered by proper application of the marital privilege in any of its forms are quite distinct from the concerns for fairness and reliability protected by the Due Process Clause"); *Labbe v. Berman*, 621 F.2d 26, 27 (1st Cir. 1980) ("[a]n accused has no federal constitutional right to bar a spouse from testifying at his trial"). Accordingly, petitioner's issue IV is not subject to federal habeas review.

### V.     Petitioner's issue VII (insufficient evidence to support the conviction)

Finally, the court will review the merits of petitioner's issue VII, in which he contends that the prosecutor presented insufficient evidence of deliberation and premeditation to support a conviction for first-degree murder and that his conviction should be reduced to second-degree murder . The Michigan Court of Appeals resolved petitioner's claim as follows:

> Defendant first claims that there was insufficient evidence of premeditation

> and deliberation. We disagree. When reviewing a sufficiency of the evidence claim, this Court must consider the evidence, in the light most favorable to the prosecution, to determine whether a rational trier of fact could find that the prosecution has proven the essential elements of the charged crime beyond a reasonable doubt. *People v. Head*, 211 Mich.App 205, 210; 535 NW2d 563 (1995). Circumstantial evidence and reasonable inferences therefrom may be sufficient to prove the elements of a crime. *People v. Jolly*, 442 Mich. 458, 466; 502 NW2d 177 (1993). In reviewing a sufficiency of the evidence claim, this Court must not interfere with the jury's role of determining the weight of evidence or the credibility of witnesses. *People v. Wolfe*, 440 Mich. 508, 514-515; 489 NW2d 748, modified on other grounds 441 Mich. 1201 (1992).
>
> "Premeditation and deliberation require sufficient time to allow the defendant to take a second look⋯⋯ Premeditation may be established through evidence of the following factors: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v. Anderson*, 209 Mich.App 527, 537; 531 NW2d 780 (1995). Here, defendant's cellmate and two other inmates at the Cass County correctional facility testified that defendant stated that he killed the child in order to avoid paying child support and that he placed padding around the child's head to avoid inflicting marks. Further, defendant stated to them that he contemplated obtaining an insurance policy on the child; however, he decided against it because it would appear suspicious. Thus, viewed in the light most favorable to the prosecution, the evidence presented at trial was sufficient to permit a rational jury to conclude beyond a reasonable doubt that the killing was premeditated and deliberate.

*People v. Mitchell*, No. 190281 (Mich. App.), slip op. at 1-2.

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis added). In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting

15

inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Petitioner was convicted of first-degree murder. "The elements of first-degree murder are that the defendant killed the victim and that the killing was either 'willful, deliberate, and premeditated,' M.C.L. § 750.316(1)(a), or committed in the course of an enumerated felony, such as larceny, M.C.L. § 750.316(1)(b)." *People v. Bowman*, 254 Mich.App. 142, 151, 656 N.W.2d 835 (2002). The government established the elements of first-degree murder by demonstrating that the murder was deliberate and premeditated. Petitioner stated that he killed the child in order to avoid paying child support, that he placed padding around the child's head to avoid inflicting marks and that he contemplated obtaining an insurance policy on the child. These statements, viewed in the light most favorable to the prosecution, are amply sufficient to establish that the murder was both premeditated and deliberate under Michigan law. *See Anderson*, 209 Mich.App at 537.

The Michigan Court of Appeals' resolution of this issue was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to habeas relief on this claim.

### IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: November 13, 2006            /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).